OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered December 19, 1985 reversed, on the law and on the facts, and the accusatory instrument is dismissed.
This criminal prosecution stems from events surrounding the collapse of a crane at a midtown construction site on May 30, 1985. Defendant, an employee of the general building contractor, Tishman Construction Corporation, was the designated "Safety Coordinator” at the construction site (see, Administrative Code of City of New York § C26-1900.3 [d], now recodified as § 27-1009 [d]). Defendant was charged, inter alia, with having violated Administrative Code § C26-1909.4 (now § 27-1057), which prohibits an "owner or other person” to "authorize or permit the operation of any power operated crane or derrick without a certificate of approval, a certificate of operation and a certificate of on-site inspection”. Subdivision (f) of Administrative Code § C26-1909.4 provides: "Any person who wilfully violates any provision of this section shall be guilty of an offense and shall be subject to a fine not exceeding one thousand dollars.”
In our view, the People did not establish, and certainly not beyond a reasonable doubt, that defendant willfully violated the provisions of Administrative Code § C26-1909.4, i.e., that defendant "consciously and deliberately” authorized or permitted the operation of a crane without requisite permits (see, People v Broady, 5 NY2d 500, 507; cf., People v Foster, 204 App Div 295, 300, affd 236 NY 610). It is undisputed that the crane collapse occurred during a lunch break when the construction site was otherwise shut down and, so far as appears, defendant was not present at the site. No allegation is made that it was the defendant who gave the order to operate the crane, or even that defendant had the authority to issue such an order. Rather, the trial evidence indicates, and the People apparently concede, that the decision to proceed with the crane operations despite the absence of the necessary permits was made by a principal of the building subcontractor, A & S Concrete Corporation. Nor is there support in the record for the prosecutor’s contention that defendant, through omissive conduct, "acquiesced in” the subcontractor’s decision to oper *745 ate the crane. Belying that contention is the fact that the crane was operated in a similarly unlawful manner on two occasions prior to the accident (no criminal charges were lodged in connection with the earlier crane operations) and, on each occasion, defendant took affirmative steps to put a halt to the unlawful use. In short, the record contains insufficient evidence to support a finding of willfulness on defendant’s part under Administrative Code § C26-1909.4.
Defendant’s conviction under Administrative Code § C2670.0 (now § 26-228) must likewise be overturned. It was not shown that defendant failed to provide "reasonable and adequate protection for the [public’s] safety” within the meaning of that section.
Hughes, P. J., Riccobono and Sandifer, JJ., concur.